IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SOLID GOLD CASINO HOTEL
& RESORT, INC.,

      Plaintiff,

v.                                                                        No. 06-2385

MATRIX MANAGEMENT GROUP,
JOHN PITRE, GREGORY RED,
JOE LANDRUM, JODY LANDRUM,
RON CLOWES and LAVILLE LAVETTE,

      Defendants.
_____

ORDER GRANTING DEFENDANT GREGORY RED'S MOTION TO DISMISS
_____

The Plaintiff, Solid Gold Casino Hotel & Resort, Inc. ("Solid Gold"), brought this diversity action against the Defendants, Matrix Management Group ("Matrix"), John Pitre, Gregory Red, Joe Landrum, Jody Landrum, Ron Clowes, and Laville Lavette, alleging breach of contract, bad faith, and fraud.  Before the Court is Defendant Gregory Red's November 13, 2006 motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction.  See Fed. R. Civ. P. 12(b)(1), (2).  The Plaintiff has responded, and this motion is now appropriate for disposition.

Solid Gold has alleged the following in its complaint relevant to the instant motion.  The Plaintiff is a Mississippi corporation with its principal place of business in Germantown, Tennessee.  (Compl. ¶ 2).  Defendant Red is a resident of the state of Louisiana.  (Compl. ¶ 5).  Defendant Matrix is a Texas corporation with its principal place of business in Houston, Texas.  (Compl. ¶ 7).

In April 2004, the President of Solid Gold, Robert Carpenter, met with Defendants Pitre,

Red, Clowes, Joe Landrum and Lavette in Tunica, Mississippi in order to discuss with these potential investors, certain "key components of the Solid Gold Casino Project." (Compl. ¶¶ 13, 14). At that time, the Defendants were informed of a lease agreement between Solid Gold and a local landowner, which provided Solid Gold with a lease for certain land in Tunica, Mississippi and an option to lease additional land adjacent to it. (Compl. ¶¶ 16-18).

After the meeting in Tunica, the Defendants began discussions with the Plaintiff "to obtain financing for the project." (Compl. ¶ 20). In order to facilitate the financing, the Defendants requested to review Solid Gold's financial information. (Compl. ¶ 21). The Plaintiff acquiesced but required the Defendants to sign a confidentiality and non-disclosure agreement. (Compl. ¶ 22). In May 2004, Carpenter traveled to Houston, Texas to meet with the Defendants and finalize the agreements. (Compl. ¶ 23). As a result of these negotiations, the Defendants signed the confidentiality and non-disclosure agreements. (Compl. ¶ 29).

In August 2004, Defendant Pitre sent counsel for the Plaintiff an electronic communication terminating Defendants' association with Plaintiff. (Compl. ¶ 38). Thereafter, Defendants formed their own development group and entered into an agreement with the local land owner in Tunica to lease the land on which the Plaintiff had an option to lease. (Compl. ¶¶ 40-43). The Defendants' lease also gave them an option to lease the land that Plaintiff had under lease. (Compl. ¶ 44).

<u>MOTION TO DISMISS</u>

In his motion to dismiss, Defendant Red contends that this Court lacks jurisdiction over the subject matter of this controversy and over his person. Concerning subject matter jurisdiction, Red notes that three of the Defendants–Joe Landrum, Jody Landrum, and Ron Clowes–are all residents of the state of Tennessee and argues that because complete diversity of citizenship does not exist

between all Defendants, this Court does not have jurisdiction over the subject matter of this case. See 28 U.S.C. ¶ 1332.  Prior to responding to the motion to dismiss, the Plaintiff dismissed Joe Landrum, Jody Landrum, and Ron Clowes from the lawsuit, and thereafter argued in response to the instant motion that it had restored diversity to this case by terminating these Tennessee residents. The Court finds that as the sole basis for Red's motion to dismiss for lack of subject matter jurisdiction was that complete diversity of citizenship did not exist among the Defendants, the Plaintiff's dismissal of these individuals rendered that portion of the motion moot.  See Grant County Deposit Bank v. McCampbell, 194 F.2d 469, 472 (6th Cir. 1952) ("It appears well settled that if jurisdiction based on diversity of citizenship is defeated by the existence of parties who are not indispensable in an action, jurisdiction, although not existing at the time of filing, can be acquired by dismissing the action as to such parties."); accord RTC Commercial Loan Trust v. Templeton, 12 F. Supp. 2d 667, 669 (W.D. Mich 1997).

However, perhaps unknown to Plaintiff's counsel, Red also asserted as a basis for dismissal this Court's lack of jurisdiction over his person.  In its response, which consists in its entirety of a single paragraph, Solid Gold makes no mention of, much less respond to, this Defendant's Fed. R. Civ. P. 12(b)(2) argument.

A federal court may exercise jurisdiction over the person "in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment."  Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003).  The Tennessee long-arm statute confers "jurisdiction of the courts of this state as to any action or claim for relief arising from . . . [t]he transaction of any business within the state . . . [or] [e]ntering into a contract for services to be rendered . . . in this state."  Tenn.

Code Ann. § 20-2-214(a).  The Tennessee long-arm statute is "construe[d] to extend to the limits of due process."  Neal v. Janssen, 270 F.3d 328, 331 (6th Cir. 2001).

The Youn court instructed that,

> [t]he bedrock principle of personal jurisdiction due process analysis is that when the Defendant is not physically present in the forum, [he or she] must have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  "Minimum contacts" exist when the Defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.  It is necessary that the Defendant purposefully avail [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.  This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.  Random, fortuitous, or attenuated activity is not a constitutionally adequate basis for jurisdiction.

324 F.3d at 417 (internal citations and quotation marks omitted).  Both "general" and "specific" jurisdiction may be adequate bases for personal jurisdiction.  Conti v. Pneumatic Prods. Corp., 977 F.2d 978, 981 (6th Cir. 1992).  General jurisdiction exists "when the defendant's contacts with the forum state are 'substantial' and 'continuous and systematic,' so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state."  Youn, 324 F.3d at 417-18.  A federal court has specific jurisdiction "when 'a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'"  Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868 (1984)).

In Southern Machine Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968), the Sixth Circuit articulated a three-part test for determining the appropriateness of a federal court's

exercise of specific jurisdiction:  (1) "the defendant must purposefully avail himself [or herself] of the privilege of acting in the forum state or causing a consequence in the forum state;" (2) "the cause of action must arise from the defendant's activities there;" and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."  See also Youn, 324 F.3d at 418.  The burden of establishing the existence of personal jurisdiction lies with the party asserting such jurisdiction.  Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002).  In the absence of an evidentiary hearing on the jurisdiction question,

> the court must consider the pleadings and affidavits in a light most favorable to the plaintiff.  To defeat such a motion, the plaintiff need only make a prima facie showing of jurisdiction.  Furthermore, a court does not weigh the controverting assertions of the party seeking dismissal.

Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1998) (citations omitted).  In his response to such a motion, the "plaintiff may not rely on his pleadings; he must, by affidavit or otherwise, set forth specific facts establishing that the court has jurisdiction."  Williams v. FirstPlus Home Loan Trust 1996-2, 209 F.R.D. 404, 409 (W.D. Tenn. 2002).  "Once the defense has been raised, then the plaintiff must sustain [his] burden of proof in establishing jurisdictional facts through sworn affidavits and competent evidence.  At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.  Once the motion is made, plaintiff must respond with actual proofs, not mere allegations."  Machulsky v. Hall, 210 F. Supp. 2d 531, 537 (D.N.J. 2002); see also Mende v. Milestone Tech., Inc., 269 F. Supp. 2d. 246, 251 (S.D.N.Y. 2003) (stating that conclusory allegations are insufficient to establish personal jurisdiction).

According to the complaint, Red met with Plaintiff's representatives in Tunica, Mississippi and signed the agreements in question in Houston, Texas.  There are no contentions which indicate that Red's contacts with Tennessee were substantial and continuous or even that the Defendant had any connections whatsoever with the forum state.  <u>Youn</u>, 324 F.3d at 417-18.  Thus, the Plaintiff has failed to establish that general jurisdiction exists over Red.  In addition, the complaint is utterly devoid of any facts which could lead the Court to conclude that this Defendant has "purposefully avail[ed] [himself] of the privilege of conducting activities within [Tennessee], thus invoking the benefits and protections of its laws."  <u>Id.</u> at 417 (citations omitted).  Rather, all of the contacts between the Plaintiff and Red occurred outside of Tennessee.  None of the allegations relate to Defendant's activities in this State.  Thus, the Court concludes that maintenance of this action against Defendant Red who has insufficient "minimum contacts"[1] with Tennessee would "offend traditional notions of fair play and substantial justice."  <u>Id.</u>

For the reasons stated herein, the Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED.

IT IS SO ORDERED this 30th day of July, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1]In his response, Red acknowledges signing the agreements and notes that these documents contained a choice of forum provision stating that any suits involving these agreements were to be filed in Tennessee.  Red asserts, however, that he only signed the documents as a principal of Matrix Management Group and not in his individual capacity.  (Def.'s Mem. in Supp. Mot. Dismiss at 4 n.1).  In any event, these documents were not attached to the complaint and do not appear anywhere else in the record.